Case 4:18-cv-02707   Document 1-3   Filed in TXSD on 08/06/18   Page 1 of 9

6/29/2018 4:17 PM
Chris Daniel - District Clerk Harris County
Envelope No. 25664764
By: Cynthia Clausell-McGowan
Filed: 6/29/2018 4:17 PM

NO. _____

| | | |
|---|---|---|
| EXXONMOBIL GLOBAL SERVICES COMPANY | § § § | IN THE DISTRICT COURT OF |
| V. | § § | HARRIS COUNTY, TEXAS |
| RESCAR COMPANIES and RICARDO NARANJO | § § | _____ JUDICIAL DISTRICT |

## ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff ExxonMobil Global Services Company files this Original Petition and Request for Disclosure against Defendant Rescar Companies and Ricardo Naranjo.

### I. DISCOVERY PLAN

1.1     Plaintiff intends to conduct discovery under Level 3.

1.2     This suit is not an expedited-action under Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $1,000,000.00.

### II. PARTIES

2.1     Plaintiff ExxonMobil Global Services Company ("Exxon") is a foreign corporation with its principal place of business in Harris County, Texas.

2.2     Defendant Rescar Companies ("Rescar") is a foreign corporation doing business in Texas and may be served with citation by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

2.3     Defendant Ricardo Naranjo ("Naranjo") is a resident of Harris County, Texas, and may be served with citation at 11455 Kirkvalley Drive, Houston, Texas 77089-2229. Naranjo is sued in his individual capacity.

2.4     In the event any defendant is misnamed or not included, Plaintiff asserts that there has been a "misidentification" or "misnomer," or that such parties were or are the "alter egos" of the parties named.  Plaintiff invokes the right to institute this suit against whatever entities were conducting business using assumed or common names with regard to the events described in this petition.  Further, Plaintiff invokes the right under Texas Rule of Civil Procedure 28 to substitute the true names of any such parties at a later time.

### III.  VENUE AND JURISDICTION

3.1     Venue is proper under Texas Civil Practice & Remedies Code §§ 15.002(a)(1) because a substantial part of the events giving rise to this claim occurred in Harris County; and (2) because at least Defendant Naranjo resided in Harris County at the time the causes of action accrued.  Venue is also proper under Texas Civil Practice & Remedies Code § 15.005 because all causes of action in this lawsuit arise out of the same series of transactions or occurrences.

3.2     This Court has jurisdiction over this lawsuit because the subject matter and damages sought are within the jurisdictional limits of this Court.  Further, there is no complete diversity of citizenship between the parties and no federal question.

3.3     This Court has jurisdiction over Defendant Naranjo because he currently resides in Texas and resided in Texas at the time the causes of action accrued.  This Court has jurisdiction over Defendant Rescar both (1) because this lawsuit arises out of and relates to purposeful conduct by which Rescar committed a tort in Texas and availed itself of some benefit, profit, or advantage by doing business in Texas, and exercise of jurisdiction over Rescar will not offend traditional notions of fair play and substantial justice; and (b) because Rescar has contractually submitted "to the exclusive jurisdiction of the courts of Texas" in relation to the subject matter of this lawsuit.

## IV.  FACTS

4.1 Plaintiff brings this action to recover damages from Defendants for numerous wrongful acts and omissions related to services provided to the Plaintiff by Defendants.

4.2 Plaintiff was involved in a contractual business relationship with Defendant Rescar until November 9, 2017, when Plaintiff's contract with Rescar was terminated for cause. Rescar provided railcar maintenance, inspection and repair services for Plaintiff's fleet of railcars at various locations in Texas and Louisiana, including locations in Baytown, Texas; Beaumont, Texas; Mont Belvieu, Texas; and Baton Rouge, Louisiana.

4.3 Defendant Naranjo was an employee of Rescar and served as Location Manager for Rescar's Baytown facility.

4.4 In early 2017, Plaintiff noticed certain anomalies in Rescar's billing data. This discovery prompted a field audit during which Plaintiff discovered that Rescar and its employees, Naranjo specifically included, were engaging in numerous acts and omissions that resulted in excessive, improper and fraudulent billings. Further investigation revealed that Rescar was also failing to perform certain necessary inspections and repairs required under its contract with Plaintiff. Ultimately, these wrongful and fraudulent practices were found to be occurring at all Gulf Coast facilities at which Rescar was providing services.

4.5 The fraudulent and wrongful acts and omissions committed by Rescar and its employees include but are not limited to:

    a.    Billing for work not actually performed;

    b.    Billing for work performed unnecessarily;

    c.    Falsifying work tickets to show increased hours;

    d.    Billing for services performed on railcars that were not on site at time of the alleged repairs;

  e. Billing for services when the necessary equipment to perform the services was inoperable or missing;

  f. Billing for services that could not be performed due to lack of required supplies;

  g. Billing for various tests and inspections that were not conducted;

  h. Billing for services when the Rescar employees certified to perform the services were not on site; and

  i. Billing for replacement and repair of equipment that was not in need of replacement or repair.

 4.6 The Baytown facility is located in Harris County, Texas. It is the facility at which Rescar produced the largest amount of billings to Plaintiff. Defendant Naranjo was a Rescar manager and supervisor at the Baytown location. Naranjo not only had actual knowledge of the wrongful and fraudulent work and billing practices at the Baytown facility, Naranjo instructed, directed, and personally participated in the wrongful and fraudulent work and billing practices at the Baytown facility. The specific practices Naranjo engaged in or directed others to engage in include but are not limited to:

  a. Instructing employees to falsify billing records and work sheets;

  b. Encouraging and instructing employees to justify their time on site by conducting unnecessary or non-existent repairs;

  c. Knowingly billing for services that could not have been performed because the necessary equipment was inoperable or missing;

  d. Knowingly billing for services that could not have been performed because the necessary materials were not on site;

  e. Knowingly billing for services provided by employees who were not on site at the time of the reported work;

  f. Encouraging and instructing employees to bill for services that were not, in fact, performed; and

  g.  Encouraging and instructing employees to report time in excess of the actual time required to accomplish tasks.

4.7  Plaintiff unsuccessfully attempted to work with Rescar management to correct and remedy these wrongful practices. However, when it became obvious that the wrongful practices were ongoing and continuous, Plaintiff terminated the Rescar contract. Plaintiff brings this action to recover damages caused by Defendants' wrongful conduct.

## V.  CONDITIONS PRECEDENT

5.1  Plaintiff has satisfied all conditions precedent for recovery in this lawsuit.

## VI.  CAUSES OF ACTION

6.1  Plaintiff restates and re-alleges the allegations stated above.

**Breach of Contract**

6.2  Defendants materially breached contracts between Plaintiff and Defendant Rescar while Plaintiff was properly performing under those contracts and, in doing so, caused Plaintiff to sustain damages. As a result, Defendants are liable to Plaintiff for breach of contract.

**Fraud and Misrepresentation**

6.3  Defendants intentionally or recklessly or, at a minimum, negligently made false, material representations to Plaintiff with the intent that Plaintiff rely on those representations. Plaintiff sustained damages because it did rely on those representations. As a result, Defendants are liable to Plaintiff for fraud or, at a minimum, negligent misrepresentation.

**Conversion**

6.4  Defendants intentionally and wrongfully exercised dominion or control over Plaintiff's property inconsistent with Plaintiff's rights and caused Plaintiff to sustain damages. As a result, Defendants are liable to Plaintiff for conversion.

**Theft Liability Act**

6.5     Defendants unlawfully appropriated property Plaintiff's property with, at best, consent secured by deception, which is a violation of Texas Penal Code § 31.03.  As a result, Defendants are liable to Plaintiff under the Texas Theft Liability Act found in Chapter 134 of the Texas Civil Practice & Remedies Code.

**Unjust Enrichment and Money Had and Received**

6.6     Defendants have obtained a benefit from Plaintiff and now hold money that belongs to Plaintiff in equity and good conscience.  As a result, Defendants are liable to Plaintiff for unjust enrichment and money had and received.

## VII.  VICARIOUS AND INDIVIDUAL LIABILITY

7.1     Whenever this petition alleges that Defendant Rescar did or failed to do any act or thing, it is meant that the officers, agents, servants, or employees of Rescar, including Defendant Naranjo, performed, participated in, or failed to perform or participate in such acts or things while in the course and scope of their employment or agency relationship with Rescar.  Rescar is vicariously liable for the acts and omissions of its officers, agents, servants, or employees by virtue of the doctrine of *respondeat superior*, including intentional tortious conduct closely connected with or of the same general nature as authorized conduct.

7.2     However, Naranjo is also individually liable.  It is a longstanding rule in Texas that corporate agents are personally liable for their own fraudulent and tortious acts.  *E.g. Miller v. Keyser*, 90 S.W.3d 712, 718 (Tex. 2002).  Naranjo had an independent duty not to defraud, misrepresent, convert property, or commit theft.  As a result, Rescar's vicarious liability for Naranjo's acts and omissions is in addition to, not in lieu of, Naranjo's personal liability for his own wrongful and tortious conduct.

## VIII. DAMAGES

8.1     Plaintiff is entitled to recover and seeks compensatory damages from Defendants, both actual and consequential. Plaintiff's compensatory damages include:

a.     Amounts improperly paid on Defendants' false and fraudulent billing;

b.     Costs of retesting railcars impacted by Defendants' wrongful conduct;

c.     Costs of onboarding replacement contractors;

d.     Costs of remedial repairs that Defendants wrongfully failed to conduct;

e.     Costs and losses due to railcar shortages and replacements resulting from Defendants' wrongful conduct;

While discovery in this case will likely reveal additional damages, Plaintiff currently calculates compensatory damages in excess of $10,000,000.00.

8.2     Pursuant to Texas Civil Practice & Remedies Code § 134.005, Plaintiff is entitled to recover and seeks additional statutory damages from Defendants in an amount of $1,000.00 per incident of theft committed by Defendants.

8.3     Pursuant to Texas Civil Practice & Remedies Code § 41.003, Plaintiff is entitled to recover and seeks exemplary damages from Defendants in excess of $20,000,000.00.

8.4     Finally, Plaintiff is entitled to recover and seeks reasonable and necessary attorney's fees from Defendants pursuant to Chapters 38 and 134 of the Texas Civil Practice & Remedies Code.

## IX. REQUEST FOR DISCLOSURE

9.1     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a)-(l). Defendants must serve a written response to this request within fifty (50) days after the service of this request.

## X.  NOTICE OF INTENT TO USE DOCUMENTS

10.1    Plaintiff hereby gives actual notice to all parties in this case, in accordance with Texas Rule of Civil Procedure 193.7, that any and all documents produced during discovery may be used against any party in any trial or pretrial proceeding.

## XI.  PRAYER

11.1    Plaintiff respectfully asks this Court for judgment against Defendants for each of the following:

f.      Actual damages;
g.      Additional statutory damages;
h.      Consequential damages;
i.      Exemplary damages;
j.      Pre-judgment interest and post-judgment interest;
k.      Court costs;
l.      Attorney's fees; and
m.      All other relief to which Plaintiff is entitled.

Respectfully submitted,

**THE BROWN LAW FIRM, LLLP**
By:     */s/ Thomas K. Brown*
        Thomas K. Brown
        State Bar No. 03175960
        tom@brownfirm.net
        Dustin T. Sullivan
        State Bar No. 24053930
        dustin@brownfirm.net
Three Riverway, Suite 1775
Houston, TX  77056
713-400-4020
713-400-4025 (FAX)

       **LAW OFFICE OF KENNETH TEKELL, SR., PLLC**
         Kenneth Tekell, Sr.
         State Bar No. 19764000
        Ktekell@balagiatekell.com
1221 McKinney Street, Suite 3200
Houston, TX  77010
713-654-5191
713-823-6558 (FAX)

COUNSEL FOR PLAINTIFF